IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-38-GKF-TLW |
| | ) |
| MARIA P. RAMIREZ, individual and d/b/a | ) |
| BAR LA PERLA NEGRA, | ) |
| | ) |
| BAR LAW PERLA NEGRA, LLC, an | ) |
| Oklahoma corporation d/b/a BAR LA | ) |
| PERLA NEGRA, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the court is the Motion for Default Judgment against defendants Maria P. Ramirez, individually and d/b/a Bar La Perla Negra and Bar La Perla Negra, LLC, filed by plaintiff J & J Sports Productions, Inc. ("J & J") [Dkt. #12].

J & J filed this action pursuant to the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, and the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq.* Plaintiff alleges defendants intercepted and exhibited *Manny Pacquiao v. Juan Manuel Marquez, WBO Welterweight Championship Fight Program* ("Program"), telecast on November 12, 2011, to which plaintiff owns exclusive nationwide distribution rights. Defendants were served on February 12, 2014 [Dkt. ##7-8], but have failed to answer or otherwise respond. J & J moved for, and the Court Clerk granted, an entry of default against defendants. [Dkt. ##9-11].

Default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). On April 8, 2014, pursuant to plaintiff's motion, the Court Clerk entered defendant's default. [Dkt. #12]. The time to answer summons has passed, and J & J is entitled to default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

J & J seeks maximum statutory damages of $10,000.00 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and maximum enhanced damages of $100,000.00 under 47 U.S.C. § 605(e)(3)(C)(ii). Additionally, it seeks attorneys' fees in the amount of $1,635.00 and costs totaling $506.69, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

Under § 605(e)(3)(C)(i)(I) and (II), the aggrieved party may recover either actual damages or statutory damages in "a sum of not less than $1,000 or more than $10,000, as the court considers just," for each violation. Additionally, if the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may increase the award of damages by up to $100,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(ii).

In support of its request for maximum statutory and enhanced damages, plaintiff has submitted the affidavit of its president, Joseph M. Gagliardi [Dkt. #13, Ex. 1], a Rate Card for the event [*Id.*, Ex. 1 thereto], and the affidavit of investigator Stuart Sullivan [*Id.*, Ex. 2]. Sullivan witnessed the pirated exhibition on the night of November 12, 2011, between 9:48 p.m. and 9:52 p.m., and counted the number of patrons at Bar La Perla Negra three separate times. The head counts were 40, 41, and 39. [*Id.*]. The minimum fee to broadcast the Program in an establishment with a capacity up to 100 people for that program was $2,200.00. [*Id.*, Ex. 1].

In *Joe Hand Promotions, Inc. v. John M. McLemore*, 4:10-CV-772-CVE-TLW (N.D. Okla. Sept. 26, 2011) [Dkt. #28], plaintiff's investigator observed 84 people in the defendant's restaurant, the sublicense fee would have been $875, no cover fee was charged, and the event was broadcast on three television screens. Judge Eagan reasoned that a statutory damages award of $2,500 "compensates plaintiff for any fee that should have [been] paid by defendants to obtain a sublicense to broadcast the program and for disgorgement of any possible financial benefits derived by defendants from displaying the illegally intercepted program." [*Id*. at 3]. Judge Eagan awarded enhanced damages of $2,500, finding this amount "sufficient to punish defendants for their illegal conduct and deter future violations of § 605," but "not so substantial that it will likely put defendants out of business." [*Id.* at 4].

Similarly, in *Joe Hand Promotions, Inc. v. George Ducummon*, 4:11-CV-278-GKF-FHM (N.D. Okla. April 23, 2012) [Dkt. #22], this court found $2,000 the appropriate amount for statutory damages and $2,000 the appropriate enhancement, where the broadcast fee for the program was $750, no cover fee was charged, no more than five to eight patrons were in the defendant bar, and there was no evidence of repeated violations by defendants. *See also J & J Sports Prods., Inc. v. Rivas*, 4:10-CV-760-GKF-TLW (N.D. Okla. Aug. 16, 2012) (awarding $2,500 in statutory damages and enhanced damages of $2,500, for a total damage award of $5,000); *J & J Sports Prods., Inc. v. Samano*, 4:13-CV-721-GKF-FHM (N.D. Okla. May 5, 2014) (awarding $3,000 in statutory damages and enhanced damages of $2,5000, for a total damage award of $5,500).

In this case, the sublicense fee defendants should have paid to broadcast the Program was $2,200, no cover fee was charged, there were no more than 41 patrons in the establishment during the broadcast, and plaintiff has presented no evidence of a financial benefit to defendant,

or of repeated violations by defendant. [Dkt. #13, Ex. 2]. Although the broadcast fee in this case is greater than that in *McLemore*, the maximum number of patrons who were noted in the establishment is fewer. Adopting the reasoning set forth in *McLemore*, *Ducummon*, *Rivas* and *Samano*, the court finds $3,000 to be the appropriate amount for statutory damages and $2,500 to be an appropriate enhancement, for a total damage award of $5,500. This amount covers the cost of the commercial license as well as any minor financial benefit defendant received, and serves as a deterrent to future violations without putting defendant out of business.

**Attorneys' Fees and Costs**

Plaintiff seeks attorney fees under 47 U.S.C. § 605(e)(3)(B)(iii), which provides that "[t]he court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." In its motion, plaintiff has attached declarations of its counsel, Adam Scott Weintraub. [Dkt. #13, Ex. 4]. The declarations include itemized records of the time spent and rates charged for the prosecution of this case. Plaintiff requests attorneys' fees of $1,635.00 for the law firm Savage, O'Donnell, Affeldt, Weintraub & Johnson.

The court has reviewed the declarations and itemized time records and finds the amount sought by plaintiff for work performed to be reasonable, both with respect to hourly rates and time spent. Plaintiff also seeks taxable costs of $506.69. The court has reviewed the declaration of costs and finds them reasonable and necessary. [Dkt. #13, Ex. 5].

Accordingly, plaintiff's Motion for Default Judgment [Dkt. #12] is granted, as set forth above.

ENTERED this 2nd day of July, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT